UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Howard Jones, | ) | C/A No. 4:12-2062-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Mildred L. Rivera, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, James Howard Jones, is an inmate with Federal Correctional Institution at Estill, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241 challenging his 1997 conviction in the United States District Court for the Northern District of Georgia. He contends that he was improperly charged under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) because he is actually innocent of his Section 851 conviction.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action should be summarily dismissed because the petitioner is seeking relief from his conviction and such relief is available, if at all, under 28 U.S.C. § 2255. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The petitioner was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto. Thus, this matter is ripe for review.

As the Magistrate Judge notes in his Report, the petitioner is seeking relief from his conviction under § 841 and such relief is available, if at all, under 28 U.S.C. § 2255. To the extent that petitioner asserts his petition under § 2241 is available to him under the Savings Clause of 28 U.S.C. § 2255(e), as interpreted by *In re Jones*, 266 F.3d 328, 333–34 (4th Cir. 2000), the Magistrate Judge concludes that § 2241 is unavailable to the petitioner because he can meet none of the *Jones* criteria. This court agrees and finds that it does not have jurisdiction to entertain petitioner's § 2241 petition.

In his petition, Jones contends that "the Supreme Court narrowed the Controlled Substance Act by interpreting the term 'felony drug offense' in 21 U.S.C. § 802(44) to decriminalize certain individuals who would otherwise be qualifying repeat offenders under the CSA–it altered the class of persons that the law punishes." He asserts that he is actually innocent of his § 851 enhancement. He does not state in his petition what his prior offense was, nor does he cite to any specific changes in the law that would support his argument.

In his objection memorandum, the petitioner contends that he has met the *Jones* test because subsequent to his first § 2255 petition filed in the District of Georgia, the substantive law changed such that he received a punishment that the law cannot impose upon him. He then refers, for the first time, to the Supreme Court case of *Carachuri-Rosendo* v. Holder, 130 S.Ct. 2577 (2010). He also contends that as a result of *United States v. Simmons*, 649 F.3d 243, that *Carachuri-Rosendo* is applicable to his case. Finally, petitioner states that he

has received punishment for an offense under § 851 of the CSA, but that the § 851 offense was not charged on the face of the indictment in violation of Fed. R. Crim. P. 3, and thus the sentencing court lacked jurisdiction over him.

The petitioner objects to the Report contending that he does satisfy the second prong of the *Jones* rule because the Supreme Court decided *Carachuri* subsequent to the petitioner's first § 2255 petition. He contends that because he has already filed a § 2255 petition, it is ineffective or inadequate to test the legality of his detention. He relies on the case of *Rice v. Rivera* 617 F.3d 802 (4th Cir. 2010), and *United States v. Simmons*, 649 F.3d 2378 (4th Cir. 2011).

The petitioner's arguments fail, however, because the Supreme Court did not make *Carachuri-Rosendo* retroactive to cases on collateral review. Thus, the petitioner's objections are overruled.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. This court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive

IT IS SO ORDERED.

August 19, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).